UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v

SAYED ALI,

    Defendant.
_____/

Case No.   14-20791
Honorable: Matthew F. Leitman

## PRELIMINARY ORDER OF FORFEITURE

WHEREAS, a Superseding Information was filed on or around March 4, 2015, which charged Defendant with one count of Conspiracy to Defraud the United States pursuant to 18 U.S.C. § 371, and Engaging in Monetary Transaction In Criminally Derived Property pursuant to 18 § 1957.  The Superseding Information also sought criminal forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) of any property constituting or derived from the proceeds obtained directly or indirectly as a result of such violation.

WHEREAS, on or about March 5, 2015, Defendant pleaded guilty to Counts One and Two of the Superseding Information, which charged Conspiracy to Defraud the United States pursuant to 18 U.S.C. § 371, and Engaging in Monetary Transaction In Criminally Derived Property pursuant to 18 § 1957.  Defendant further agreed to the forfeiture of the following property (hereinafter "Subject

Property"):

- Ten Thousand Five Hundred Forty-Eight Dollars and Sixty-Seven Cents ($10,548.67) in U.S. Currency from JP Morgan Chase Bank Account #XXXXX6973;

- Seven Thousand Four Hundred Seventy-One Dollars and Thirty-Eight Cents ($7,471.38) in U.S. Currency from JP Morgan Chase Bank Account #XXXXXX9161;

- Thirteen Thousand Five Hundred and Nine Dollars ($13,509) in U.S. Currency;

- Twenty Thousand Dollars ($20,000) in U.S. Currency from JP Morgan Chase Bank Safe Deposit Box #711; and

- Twenty-One Thousand Nine Hundred Sixty Dollars ($21,960) in U.S. Currency from JP Morgan Chase Bank Safe Deposit Box 265.

NOW, THEREFORE, based upon the Superseding Information, the Rule 11 Plea Agreement, and other information in the record:

IT IS HEREBY ORDERED that Defendant hereby forfeits to the United States any and all interest he may have in the Subject Property pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and 21 U.S.C. § 853:

- Ten Thousand Five Hundred Forty-Eight Dollars and Sixty-Seven Cents ($10,548.67) in U.S. Currency from JP Morgan Chase Bank Account #XXXXX6973;

- Seven Thousand Four Hundred Seventy-One Dollars and Thirty-Eight Cents ($7,471.38) in U.S. Currency from JP Morgan Chase Bank Account #XXXXXX9161;

- Thirteen Thousand Five Hundred and Nine Dollars ($13,509) in U.S. Currency;

- Twenty Thousand Dollars ($20,000) in U.S. Currency from JP Morgan Chase Bank Safe Deposit Box #711; and

- Twenty-One Thousand Nine Hundred Sixty Dollars ($21,960) in U.S. Currency from JP Morgan Chase Bank Safe Deposit Box 265.

IT IS FURTHER ORDERED that upon entry of this Preliminary Order of Forfeiture, the United States Attorney General or his designee is authorized to commence any applicable proceeding to comply with the statutes governing third party rights, including giving notice of this Order.

The United States shall publish on www.forfeiture.gov, notice of this preliminary forfeiture order and of its intent to dispose of the above-named property in such manner as the Attorney General may direct, pursuant to 21 U.S.C. § 853(n). Said notice shall direct that any person other than the Defendant asserting a legal interest in the property may file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the property. The petition must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the property, the time and circumstances of the petitioner's

acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the property.

Pursuant to Fed.R.Crim.P. 32.2(b)(4)(A), this Preliminary Order of Forfeiture shall become final as to Defendant at the time of his sentencing. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed.R.Crim.P. 32.2(c)(2).

Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, and additional facts supporting the petitioner's claim and the relief sought.

After the disposition of any motion filed under Fed.R.Crim.P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

The Court retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed.R.Crim.P. 32.2(e).

*******************************************************************

**IT IS SO ORDERED.**

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: May 7, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 7, 2015, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113